UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kiasha Goree-White, et al., | No. 2:21-cv-00201-KJM-JDP |
| Plaintiffs, | ORDER |
| v. | |
| County of San Joaquin, et al., | |
| Defendants. | |

Plaintiffs Kiasha Goree-White and Breena Thompson bring this action following the death of their brother Derrice Goree Johnson, who died in pretrial custody at the San Joaquin County Jail. Defendants Sheriff Patrick Withrow and the County of San Joaquin move to dismiss. For the reasons below, the motion is **granted and the complaint is dismissed with leave to amend.**

**I.    BACKGROUND**

Derrice Goree Johnson had a history of mental illness, auditory hallucinations, and paranoia. Compl. ¶ 21, ECF No. 1. For treatment he received "therapy, psychiatric services, medication management treatment, [and] access to pharmaceutical support." *Id.* He was prescribed Haloperidol, Seroquel, and other medications. *Id.* At some point, he "stopped taking his medication." *Id.* ¶ 23. In December 2019, Johnson was arrested and placed in pretrial custody at the San Joaquin County Jail. *Id.* ¶ 27. He received medication for some of the time he was in custody. *Id.* On February 3, 2020, Mr. Johnson died in custody. *Id.* ¶ 30. The coroner

found no medication in Mr. Johnson's system. *Id.* ¶ 27. The plaintiffs claim "the medications Mr. Johnson was [prescribed] were a necessity to his survival" and that the defendants "showed deliberate indifference to Mr. Johnson's serious medical needs by not medicating him." *Id.* ¶ 28. The plaintiffs also allege "Mr. Johnson was in critical need of emergency medical care and treatment," which the defendants did not provide, resulting in "extreme physical and emotional pain and suffering," contributing to his death. *Id.* ¶ 29.

Kiasha Goree-White and Breena Thompson are Mr. Johnson's surviving sisters. They make ten claims: 1) Fourth Amendment denial of medical care against all defendants; 2) Fourteenth Amendment failure to protect against all defendants; 3) deprivation of substantive due process against all defendants; 4) municipal liability based on ratification against the County and Does 16–50[1]; 5) municipal liability based on a failure to train against the County and Does 16–50; 6) municipal liability based on unconstitutional custom or policy against the County and Does 16–50; 7) wrongful death against all defendants; 8) negligence against all defendants; 9) violation of California Civil Code section 52.1, the Tom Bane Civil Rights Act, against all defendants; and 10) violation of California Civil Code section 51.7, the Ralph Civil Rights Act of 1976, against all defendants. *See generally* Compl. The first six claims are brought under 42 U.S.C. § 1983.

Defendants move to dismiss. Mot., ECF No. 5; Mem., ECF No. 5-1. The motion is fully briefed. Opp'n, ECF No. 7; Reply, ECF No. 9. The court submitted the motion without oral argument. Min. Order, ECF No. 10.

---

[1] Plaintiffs generally identify Does 1–15 as "deputy officers for the San Joaquin Sheriff's Office." Compl. ¶ 10. Does 16–30 are "supervisory officers for the San Joaquin Sheriff's Office," *id.* ¶ 11, and Does 31–50 are "managerial, supervisorial, and policymaking employees of the San Joaquin Sheriff's Office," *id* ¶ 12. If a defendant's identity is unknown when the complaint is filed, plaintiffs have an opportunity through discovery to identify them. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). But the court will dismiss such unnamed defendants if discovery clearly would not uncover their identities or if the complaint would clearly be dismissed on other grounds. *Id.* at 642. The federal rules also provide for dismissing unnamed defendants that, absent good cause, are not served within 90 days of the complaint. Fed. R. Civ. P. 4(m). The court does not dismiss the Doe defendants who have not been served at this time for that reason alone; the court below does consider whether there are other grounds for dismissal of the Does.

## II. LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (marks and citation omitted). A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id*. (quoting *Twombly*, 550 U.S. at 555).

## III. ANALYSIS

### A. Standing

The defendants argue the plaintiffs lack standing to bring a survival action because they have not executed and filed a declaration in compliance with California Civil Procedure Code section 377.32(a). Mem. at 4. A plaintiff may pursue a survival action on behalf of a deceased person under 42 U.S.C. § 1983 in federal court. *See Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1228–29 (9th Cir. 2013). "The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." *Id*. (quoting *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998)). California's requirements for survival actions under the California Code of Civil Procedure require the personal representative of a deceased person to execute and file a specific declaration before filing a survival action. *See* Cal. Civ. Proc. Code § 377.32(a). "But a plaintiff's failure to file the required declaration does not mean the case must be dismissed; noncompliance may be cured." *Est. of Miller v. Cnty. of Sutter*, No. 20-577, 2020 WL 6392565, at *4 (E.D. Cal. Oct. 30, 2020) (citation omitted)). Here, the

plaintiffs claim they have standing based on their familial association with Mr. Johnson under the First Amendment, Opp'n at 11–13, but they do not allege they have complied with the California law governing survival actions. Given that the court is otherwise dismissing with leave to amend, the plaintiffs are directed to clarify in any amended complaint if they have complied with the relevant California statutes or cured the apparent defect. *See, e.g., Alejandre v. Cnty. of San Joaquin*, No. 19-233, 2019 WL 2355596, at *2 (E.D. Cal. June 4, 2019).

### B. Federal Claims under § 1983

#### 1. Sheriff Withrow

The defendants move to dismiss the federal claims against Sheriff Withrow in his official capacity as duplicative of the claims against the County, and they move to dismiss the claims against him in his individual capacity as conclusory. *See* Mem. at 5.

The court agrees the official-capacity claims against the Sheriff under § 1983 are duplicative of the same claims against the County. *See Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008). Those claims are dismissed without leave to amend.

The personal-capacity § 1983 claims against the Sheriff are included in claims 1, 2 and 3. To prevail on these claims, plaintiffs must allege facts permitting an inference that either (1) the Sheriff was personally involved in the constitutional deprivation, or (2) there is a "sufficient causal connection between [his] wrongful conduct and the constitutional violation." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 798 (9th 2018) (quoting *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018)). A causal connection can be pled by alleging the supervisor "set[] in motion a series of acts by others or [] knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Id*. (quoting *Starr v. Baca*, 652 F.3d 1202, 1207–08 (9th Cir. 2011)). Here, the complaint does not include factual allegations of the Sheriff's personal involvement or a causal connection. Claims 1, 2 and 3 against Sheriff Withrow in his personal capacity are dismissed with leave to amend, if amendment is possible in compliance with Federal Rule of Civil Procedure 11. *See Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109,

1117 (9th Cir. 2013) ("Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

### 2. San Joaquin County

Next, the defendants move to dismiss all six § 1983 claims against the County. Mem. at 8.

As pled, the first three of these claims, claims 1, 2 and 3, cannot proceed against the County as a municipality without plaintiffs' invoking liability under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). To the extent these claims are meant to identify violations of constitutional rights underlying a *Monell* claim, the court dismisses them and plaintiffs may clarify in any amended complaint. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) ("A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." (citing *Monell*, 436 U.S. at 694)).

The remaining three claims, claims 4, 5 and 6, do purport to arise under *Monell* as pled. To prevail on a claim under *Monell*, the plaintiff must ultimately show: "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Id.* (citation omitted). The plaintiff must demonstrate this policy or custom "reflects deliberate indifference to the constitutional rights of [the municipality's] inhabitants," and there must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1073, 1075 (9th Cir. 2016) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385, 392 (1989)). The Ninth Circuit recognizes four theories of *Monell* liability: (1) an official policy; (2) ratification by a final policymaker, (3) a failure to train, supervise, or discipline; or (4) a pervasive custom or practice. *Horton by Horton v. City of Santa*

*Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019). Here, plaintiffs assert *Monell* liability based on the last three theories: ratification by a final policymaker, failure to train, and pervasive customs and policies. Compl. at 11–13. But plaintiffs' allegations do not contain factual allegations sufficient to support a *Monell* claim under any of these theories.

First, ratification occurs when "authorized policymakers approve a subordinate's [unconstitutional] decision and the basis for it." *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)); *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992), *overruled on other grounds by Castro*, 833 F.3d at 1075. A defendant is liable only if a final policymaker had "knowledge of the alleged constitutional violation" and approved the action. *Christie*, 176 F.3d at 1239. The policymaker must make a deliberate choice to follow a particular course of action among various alternatives. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). Here, the plaintiffs allege only that Sheriff Withrow and the County ratified the actions of Doe officers. *See* Compl. ¶ 10. Such conclusory and undeveloped statements cannot support a *Monell* claim. *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

Second, the complaint does not state a failure-to-train claim. A municipality's failure to train employees may rise to the level of an official policy under *Monell* if the omission amounts to "deliberate indifference to the rights of persons with whom the [employees] come into contact." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quoting *Harris*, 489 U.S. at 388) (quotation marks omitted). Absent a single violation with a "highly predictable consequence," *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 398 (1997), a pattern of similar constitutional violations is necessary to demonstrate deliberate indifference, *Connick*, 563 U.S. at 62 (citing *Bryan Cnty.*, 520 U.S. at 409). Here, plaintiffs have not pled facts about either a single violation with a "highly predictable consequence" or any pattern of violations. They allege only that Sheriff Withrow was "aware of the deficiencies in training." Compl. ¶ 31. This bare bones pleading also is insufficient to state a claim.

Third, the pervasive custom or practice theory falls short for similar reasons. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded

6

upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Here, the plaintiffs have not alleged any sufficiently similar incidents to demonstrate a widespread custom. *See Davis v. City of Ellensburg*, 869 F.2d 1230, 1235 (9th Cir. 1989) (one incident cannot establish policy).

The court thus also dismisses claims 4, 5 and 6 against the County defendants but with leave to amend if possible. *See Sonoma Cnty.*, 708 F.3d at 1117.

### 3.  Unnamed Officer Defendants

The court turns to the claims against the unnamed officers, given that the motion challenges them as well. *See Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."). The complaint identifies the Does as defendants in the first six claims under § 1983.

In claim 1, the plaintiffs allege the unnamed officers were deliberately indifferent to Mr. Johnson's serious medical needs. Claims about the medical care of a pretrial detainee arise under the Fourteenth Amendment's Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "The proper standard of review" for claims of inadequate medical care for pretrial detainees is "objective deliberate indifference." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1120, 1124–25 (9th Cir. 2018) (citing *Castro*, 833 F.3d at 1070). To prevail at trial, a plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Gordon*, 888 F.3d at 1125. Plaintiffs must ultimately prove four elements to prevail:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (ii) those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

/////

(iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.*

Plaintiffs have not plausibly alleged Doe defendants' liability under claim 1. The complaint alleges the defendants "knew Mr. Johnson need[ed] medication because they had previously injected him with medicines," and that no medications were in Mr. Johnson's system after he was found dead, Compl. ¶ 27, but it alleges no facts about what could have alerted the officers to the consequences of withholding medications, such as Mr. Johnson's symptoms. Nor does the complaint allege the cause or circumstances of Mr. Johnson's death. The plaintiffs do offer some details in their opposition brief. They claim, for example, that Mr. Johnson experienced a "worsening condition, which included his talking to objects, making statements about his impending death, abruptly refusing essential medications, and engaging in violent self-harm," Opp'n at 2, but a "complaint may not be amended by the briefs in opposition to a motion to dismiss," *Apple Inc. v. Allan & Assocs. Ltd.*, 445 F. Supp. 3d 42, 59 (N.D. Cal. 2020)). This claim is dismissed, but with leave to amend and subject to the cautionary advisement regarding naming of Doe defendants provided above. *See Sonoma Cnty.*, 708 F.3d at 1117; *see also* note 1 *infra*.

In claim 2, the plaintiffs allege the unnamed officers failed to protect Mr. Johnson from harm in violation of the Fourteenth Amendment. The Ninth Circuit has "long analyzed claims that government officials failed to address pretrial detainees' medical needs using the same standard as cases alleging that officials failed to protect pretrial detainees in some other way." *Gordon*, 888 F.3d at 1124. The plaintiffs' allegations underlying this claim are fundamentally the same as their allegations underlying the first claim. Like the first claim, the second claim is dismissed with leave to amend.

In claim 3, the plaintiffs allege the unnamed officers' conduct was a violation of Mr. Johnson's substantive due process rights. "To amount to a violation of substantive due process, . . . , the harmful conduct must 'shock the conscience' or 'offend the community's sense of fair play and decency.'" *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1079 (9th Cir. 2011) (quoting *Rochin v. California*, 342 U.S. 165, 172–73 (1952)) (alterations omitted). The Ninth Circuit has

8

applied this doctrine to a defendant's failure to prevent a detained or incarcerated person's death. *See Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013) ("Just as the deliberate indifference of prison officials to the medical needs of prisoners may support Eighth Amendment liability, such indifference may also 'rise to the conscience-shocking level'"). But here, as explained above, the complaint does not include sufficient factual allegations to state a plausible claim that the individual officers were deliberately indifferent. Nor does the complaint plausibly allege the unnamed officers' actions otherwise "shock the conscious." Claim 3 is dismissed, but with leave to amend if possible and subject to the limitations applicable to naming of Doe defendants.

Claims 4, 5 and 6 against the unnamed defendants rely on the same theories of municipal liability under *Monell* discussed above. *See* pages 6-7 *supra*. Natural persons including the unnamed defendants can be sued as "persons" under § 1983 without undertaking any analysis of custom or policy under *Monell*. *See Powell v. Cnty. of Solano*, No. 19-2459, 2020 WL 1923169, at *7 (E.D. Cal. Apr. 21, 2020) ("[E]ach numbered John Doe refers to a specific person"); *Montoya on Behalf of S.M. v. Española Pub. Sch. Dist. Bd. of Educ.*, No. 10-651, 2012 WL 13070109, at *3 (D.N.M. Dec. 6, 2012)) ("Because *Monell* claims are asserted against municipalities or entities which qualify as 'persons' under § 1983, plaintiff's *Monell* claims . . . do not apply to [the] individual [d]efendants [sued in their individual capacity only]"). The unnamed defendants "are sued in their individual capacity," Compl. ¶ 19, therefore "liability must be premised on these individuals' own conduct which allegedly violates Plaintiffs' federal constitutional rights," *Montoya on Behalf of S.M.*, 2012 WL 13070109, at *3. Accordingly, claims 4, 5 and 6 against the unnamed defendants are dismissed without leave to amend.

### C. State Law Claims

Because the plaintiffs invoke this court's supplemental jurisdiction over their state law claims, and because the plaintiffs' federal claims are dismissed, the court declines to reach those state law claims at this time. *See Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1046 (9th Cir. 1994) (explaining "in the usual case in which federal-law claims are eliminated before trial," district courts decline to "exercise jurisdiction over the remaining state law claims."). The court

has granted leave to amend some federal claims, however, so "the court will retain for now jurisdiction over any state law claims pled in an amended complaint." *Godina v. CALTRANS*, No. 12-2454, 2013 WL 3149365, at *4 (E.D. Cal. June 19, 2013).

IV.   **CONCLUSION**

The court **grants** the defendants' motion. The complaint is dismissed with leave to amend to the extent allowed above. Any amended complaint must be filed **within twenty-one days of this order**

The initial scheduling conference set for September 16, 2021 is **vacated and reset for January 13, 2022**.

This order resolves ECF No. 5.

IT IS SO ORDERED.

DATED: September 8, 2021.

CHIEF UNITED STATES DISTRICT JUDGE

10